IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MONTAY D. HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-354-MHT |
| | ) | [WO] |
| STANLEY GARRETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 9, 2015, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) due to his failure to file the complaint within the time prescribed by the period of limitation applicable to this action. Plaintiff filed an objection to the Recommendation on June 22, 2015. Upon thorough review of this pleading, the court concludes that Plaintiff's objection is without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contention raised by Plaintiff in his objection.

Plaintiff appears to argue that he should be allowed equitable tolling of the limitation period because he was transferred to another federal jurisdiction after the revocation of his parole on March 15, 2013. He claims he could not file a § 1983 complaint "from that location" and, even after he was designated to the state of West Virginia, could only file his complaint for relief after he returned to the Eleventh Circuit approximately three months ago. *Doc. No. 5*.

Case law directs that a federal limitation period "may be equitably tolled" when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

1

1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The plaintiff bears the burden of showing that such extraordinary circumstances exist. *Justice [v. United States]*, 6 F.3d [1474,] 1479 [(11th Cir. 1993)]. In determining whether a plaintiff meets this burden, we must keep in mind that '[equitable] tolling is an extraordinary remedy which should be extended only sparingly.' *Id*. (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L .Ed.2d 435 (1990))." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

A review of the pleadings and documents filed by Plaintiff reveals no extraordinary circumstances beyond his control and unavoidable with exercising diligence which warrant equitable tolling of the limitation period. Although Plaintiff claims he was unable to file a § 1983 action because he was in another judicial district, he fails to explain how his custodial location impeded his effort to file a federal complaint. The law is settled that an inmate's *pro se* status, ignorance of the law, lack of access to legal material and resources, failure to understand legal principles, and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *See Paulcin v. McDonough,* 259 Fed. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where inmate alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the

law do not justify equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (a prisoner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Here, Plaintiff concedes knowledge of the matters challenged in the complaint at the time that these events occurred. Thus, this court "cannot say that [Plaintiff] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Plaintiff is not entitled to equitable tolling of the limitation period, as he has shown neither extraordinary circumstances nor the diligence necessary to warrant this action. Thus, the applicable statute of limitations expired on the claims arising from Plaintiff's March 15, 2013, revocation of parole prior to his filing of the instant complaint on April 19, 2015, as this filing occurred over two years after the limitation period had lapsed.

## II. CONCLUSION

Accordingly, it is the SUPPLEMENTAL RECOMMENDATION of the Magistrate Judge that the June 9, 2015, Recommendation of the Magistrate Judge (*Doc. No. 4*) be adopted and that Plaintiff's objections thereto (*Doc. No. 5*) be overruled.

It is further

ORDERED that **on or before July 10, 2015**, Plaintiff may file an objection to the Supplemental Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Supplemental Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's supplemental report shall bar the party from a *de novo* determination by the District Court of issues covered in the supplemental report and shall bar the party from attacking on appeal factual findings in the supplemental report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE